IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LIONEL SCOTT JOHNSON-BEY, | ) | 8:07CV450 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN ALAGABAN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Appoint Counsel. ([Filing No. 11](#).) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." [*McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)](#) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, [*Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000)](#); [*Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)](#) (citations omitted); *see also* Rule 8(c) of the [*Rules Governing Section 2254 Cases in the United States District Courts*](#) (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

Respondent filed a Motion for Summary Judgment on June 6, 2008. ([Filing No. 12](#).) Petitioner did not file a brief in response to the Motion. On the court's own motion, Petitioner shall have until August 18, 2008 in which to respond to Respondent's Motion for Summary Judgment and Brief in Support. If no response is filed, the court will rule on the Motion without further notice.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Appoint Counsel ([filing no. 11](#)) is denied.

2. Petitioner shall have until August 18, 2008 in which to file a response to Respondent's Motion for Summary Judgment and Brief in Support. In the absence of a response, the court will rule on the Motion without further notice.

3. In the event that Petitioner files a response, no later than 30 days after the filing of Petitioner's response, Respondent shall file and serve a reply brief.

4. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *[Rules Governing Section 2254 Cases in the United States District Courts](#)*.

5. The Clerk of the court is directed to set a pro se case management deadline with the following text: August 18, 2008: check for the filing of Petitioner's response.

July 18, 2008.                    BY THE COURT:

                                  s/ Joseph F. Bataillon
                                  Chief United States District Judge