IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LIONEL SCOTT JOHNSON-BEY, | ) | 8:07CV450 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN ALAGABAN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 12.) Petitioner Lionel Scott Johnson-Bey ("Johnson-Bey") did not submit a response to the Motion. As set forth below, the Motion for Summary Judgment is granted.

### I. BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") in this matter on November 26, 2007. (Filing No. 1.) The Petition sets forth two claims: (1) that Petitioner was being denied the right to effective assistance of counsel because the primary witness against Petitioner is a "liar with false information" and counsel for Petitioner has not had the charges against Petitioner dismissed; and (2) that Petitioner's continued confinement without a trial violated the constitutional right to a speedy trial. (Filing No. 6.) At the time the Petition was filed, Petitioner was being held on felony charges but had not been convicted of any crime. (Filing Nos. 1 at CM/ECF pp. 1-2; 14-15, Attach. 14, at CM/ECF pp. 1-15; 14-16, Attach. 15, at CM/ECF pp. 1-12.) In his Petition, Johnson-Bey requested that the court make an "inquiry" to "motivate" his attorney to take action regarding his incarceration. (Filing No. 1 at CM/ECF p. 9.)

On June 6, 2008, Respondent filed a Motion for Summary Judgment (filing no.

12), Brief (filing no. 13), and State Court Records (filing no. 14) arguing that the Petition is moot because Petitioner is no longer in custody and that Petitioner has not exhausted his state court remedies. (Filing No. 11 at CM/ECF p. 8.)

The court's records show that, on July 31, 2008, correspondence from the court was returned as "undeliverable" because Petitioner had been released from custody. (Filing No. 16.) The court updated its records and re-sent the correspondence to the address provided by Respondent. (*Id.*) Respondent confirms that Petitioner is no longer in custody, and that he was released on probation from the Douglas County, Nebraska jail on May 8, 2008. (Filing No. 14-14, Attach. 13, at CM/ECF p. 12.)

## II. ANALYSIS

Individuals seeking habeas corpus relief from the judgment of a state court must be "in custody." 28 U.S.C. § 2254(b)(1). An individual satisfies the "in custody" requirement if he is incarcerated "at the time the petition was filed" and a petition for a writ of habeas corpus does not become moot simply because the petitioner fulfills his sentence or is otherwise released. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, if a petitioner is released from custody while his habeas corpus petition is pending, the petition is moot unless "some concrete and continuing injury other than the now-ended incarceration . . . some 'collateral consequence'" exists. *Id.* (citation omitted). Such "collateral consequences" are required in order to satisfy the jurisdictional "case or controversy requirement" for federal judicial proceedings. *Id.* Stated another way, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," or his petition is moot. *Id.* (quotation omitted).

Here, Johnson-Bey filed his Petition while he was in the custody of the Douglas County, Nebraska jail. However, Petitioner filed his Petition before he was convicted of any crime, and was released the same day he was convicted and given

2

a sentence of probation. (Filing No. 14-14, Attach. 13, at CM/ECF pp. 1-18.) Therefore, unless Johnson-Bey is subject to some collateral consequence of his incarceration, his Petition is moot. Johnson-Bey has not submitted any argument or evidence regarding collateral consequences and none are apparent in the record. Johnson-Bey sought very specific relief–the court's assistance in bringing the issues raised in his Petition to his attorney's attention. Stated another way, Johnson-Bey made no arguments regarding his conviction (it had not yet occurred) but sought the court's assistance in moving his case to a resolution. Petitioner has now pled "no contest" to two felony charges, is on probation, and expressed at sentencing that he would like to dismiss this action. (Filing No. 14-15, Attach. 14, at CM/ECF pp. 1-15; 14-16, Attach. 15, at CM/ECF pp. 1-12 ("Your Honor, I would like to put on the record that I filed a Writ of Habeas Corpus and I would like to dismiss it.".) Petitioner has received the relief he requested. His criminal charges have been resolved. The court can issue no decision against Respondent and in favor of Petitioner which would further the relief sought by Petitioner. The court finds that there is no continuing injury traceable to Respondents, and Johnson-Bey's Petition is therefore dismissed.[1]

To be clear, the court is only dismissing the claims raised in the Petition currently before the court. All of the claims in the Petition relate only to the validity of Petitioner's *incarceration prior to his conviction* and his desire to resolve the pending criminal charges against him. In the future, Petitioner may seek to challenge the validity of the convictions, rather than his pre-trial incarceration. While the court makes no specific finding regarding the merits of such hypothetical claims, claims challenging his conviction should not be considered successive as a result of this Memorandum and Order.

---

[1]Because the Petition is moot, the court need not reach Respondent's argument that federal habeas relief is not available to Johnson-Bey because he has not exhausted his state court remedies. However, it is clear from the record that Petitioner has not done so.

IT IS THEREFORE ORDERED that:

1. Petitioner Lionel Scott Johnson-Bey's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

October 17, 2008.                    BY THE COURT:


                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge